PC SCAN   DIRECT/PC 2
RECEIVED
7/15/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
JC
Case: 1:24-cv-05953 Document #: 1 Filed: 07/15/24 Page 1 of 9 PageID #:1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

Michael Anthony Jabari Mays

SCANNED AT PON CC
EMAILED 7-15-24 (date)
BY AW (intials)
24 (# of pages)

**24-CV-05953**

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

(LT) D. JABUREK, Brett A Carnahan
J. Rios, MS FRANCES E MILSAP, DAVIDA
M DIXON, CHARLES L TRUITT,
Adewale Kuforiji, JANE DOE
Supervisor Mental health staff (1) JANE DOE
Mental health staff (1)(I.A) MR Milsap, Rob Jeffreys

Case No:_____
(To be supplied by the Clerk of this Court)

**JUDGE CUMMINGS**
**MAGISTRATE JUDGE COLE**

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

**CHECK ONE ONLY:**

✓    **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
     U.S. Code (state, county, or municipal defendants)

_____    **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
         28 SECTION 1331** U.S. Code (federal defendants)

_____    **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Case: 1:24-cv-05953 Document #: 1 Filed: 07/15/24 Page 2 of 9 PageID #:2

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

I.  **Plaintiff(s):**

   A.  Name: Michael A.J. Mays

   B.  List all aliases: Michael Miller, MAZE, New York.

   C.  Prisoner identification number: M50516

   D.  Place of present confinement: Pontiac C.C.

   E.  Address: 700 W. Lincoln Street, P.O. Box 99 Pontiac, IL 61764

   (If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
   (In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

   A.  Defendant: D. Jaburek

       Title: Lieutenant

       Place of Employment: Illinois Department of Corrections (Statesville)

   B.  Defendant: Brett A Carnahan

       Title: Correction officer or Sergeant

       Place of Employment: Illinois Department of Corrections (Statesville)

   C.  Defendant: J. Rios

       Title: Correction officer

       Place of Employment: Illinois Department of Corrections (Statesville)

   (If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2

Revised 9/2007

(Defendants Additional Sheet)

D. Defendant: Ms. Frances E Milsap
   Title: Lieutent
Place of Employment: Illinois Department of Corrections (Statesville)

E. Defendant: DAVIDA M DIXON
   Title: Couselor
Place of Employment: Illinois Department of Corrections (Statesville)

F. Defendant: CHARLES L TRUITT
   Title: Warden
Place of Employment: Illinois Department of Corrections (Statesville)

G. Defendant: Adewale Kuforiji
Title: Administrative Review Board
Place of Employment: Illinois Department of Corrections

H. Defendant: JANE DOE (1)
   Title: Mental Health Supervisor
Place of Employment: Wexford or Illinois Department of Corrections

I. Defendant: Jane Doe (2)
   Title: Mental Health Counselor
Place of Employment: Wexford or Illinois Department of Corrections

J. Defendant: Mr. Milsap
   Title: Internal Affairs
Place of Employment: Illinois Department of Corrections

K. Defendant: Rob Jeffreys
   Title: Director
Place of Employment: Illinois Department of Corrections (ARB)

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

III. **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

   A. Name of case and docket number: Michael A.J. Mays -vs- Illinois Department of Corrections, et al., Case No. 16-cv-1307-SMY-RJD

   B. Approximate date of filing lawsuit: year 2016 or 2017

   C. List all plaintiffs (if you had co-plaintiffs), including any aliases: N/A (Michael A.J. Mays)

   D. List all defendants: S. Evans

   E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): Southern District of Illinois

   F. Name of judge to whom case was assigned: Staci M. Yandle.

   G. Basic claim made: Retaliation & excessive force

   H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Settlement of case

   I. Approximate date of disposition: year 2018.

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Additional Sheet for List of Lawsuits

A. Name of case and docket number: Mays v. Pfister et al, Case # 1:18-cv-02679

B. Approximate date of filing lawsuit: Year 2017 or 2018

C. List all Plaintiffs (If you had co-plaintiffs), including any aliases: Michael A.J. Mays No other.

D. List all Defendants: Mr Lake, Thomas J. Francis, Logan A. Robinson, Adam J. Walsh, Michael A. Ardolino, Carl C. Newey, John Doe No. 1, John Doe No. 2, Ms Paige.

E. Court in which the lawsuit was filed: Illinois Northern District of Illinois

F. Name of Judge to whom case was assigned: Nancy L. Maldonado

G. Basic claim made: Sexual Assault & Assessive force.

H. Disposition of this case: Still Pending

I. Approximate date of disposition: Still open

Case: 1:24-cv-05953 Document #: 1 Filed: 07/15/24 Page 6 of 9 PageID #:6

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## IV. Statement of Claim:

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

On June 22, 2022 I was called to Internal Affairs office, to take a Drug test via urine sample in a cup. I failed the Drug test and was taking to X-house the segregation unit. I was given a ticket either on the 22nd of June or the 23rd of June. The Ticket stated I was on investigation status due to the failed Drug test. By June 28th I was given another ticket that stated that Internal Affairs has concluded and came to the conclusion that I had violated D.R. 203 Drugs & paraphilia, Due to a Dirty piss test. They sent my Drug test to a lab and the lab confirmed I failed the Drug test. Knowing that I was guilty I wrote a statement on my behalf admitting my guilt. I saw the #2 warden and Ms Mohammed the counselor and gave them a written statement of my guilt aswell. My mental health personal who I was on her case load saw me and I told her why I'm doing drugs. At that time I was having feelings of hopelessness, depression, and worthless. I was dealing with the death of my daughters mother, COVID-19, and the loses behind that. The people that died from Covid-19 in Prison (Stateville), Being stuck in a cell 24/7, not able to enroll in school programs to better myself, so I felt the need to escape my reality by doing drugs to check out and feel like I'm outside in the free world, and not in prison. My Mental health counselor was aware of these issues and her and her supervisor of mental health recommended I get 0-14 Days in Segregation. I did 14 days seg and was let out. Before I was released from Seg I went to the adjustment committee which Counselor Divida M Dixon was present. She knew I was given 14 days seg for my dirty Drop and read my written statement for my master files. At all times, she was aware of my ticket and what I was in Seg for and signed off for my 14 days seg. Once out of seg I was placed back in my same cell D-940. I was out of seg for 9 days. Internal Affairs had kept one of my note books that had important information and I wanted it back. I sent messages to every I.A. C/O to tell their boss to take pictures of whatever he feels important to him but send me back my book. (To be noted Mr Milsap on June 22nd was aware I had a Dirty Drop and that was why I was sent to Seg. Mr Milsap is the head of I.A. investigations.) On July 15 2022, after leaving my Religious group studies I was told I was need at I.A. Office. When I went inside, there was 5-6 I.A. C/O's inside the office. Lieutenant D. Jaburek asked me what do I know about K-2? I told him I know nothing about K-2. I don't know what the K means or Two means, nor the chemical compound of what it is made of, therefore I know nothing about it. He next asked me what do I know about the K-2 found in my cellys property box inside his mail? I said excuse me? Jaburek states his question again. I told him it's not my Job to police my cell and know what's in his property box inside his mail. All I know about is "MY'S" property and what's in my mail. That was not (K-2) found in my property or my mail, I know nothing of it. I read and signed the sheet of paper that Best gave my statement as true. I was given my book back and sent back to the population cell house I was housed in D-940,

4    Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

The next day I was served a ticket on 7/16/22 at 10:00 AM. C/O J. Rios wrote the ticket with Brett Carnahan as a witness. Both were present in the IA office at the time when LT Jaburek questioned me. When I seen that I was being charged for the same 203-Drug and Drug Paraphernalia Charge I saw that this is double jeopardy and that was a major error on C/O J. Rios behalf. Then she stated that the Disciplinary Report was being issued to me at the conclusion of the Internal Affairs investigation that began June 22, 2022. In accordance on 6/28th (2022) I was given a ticket that stated Internal Affairs has concluded and came to the conclusion that I violated 203 Drug & Drug Paraphernalia for a dirty drop. I pled guilty because I was caught. As stated above I did 14 days in Seg and was let out. My cellmate Brandon Starks, M27220 was still kept in segregation while I was let out because he was still under investigation status. And if I was still under a investigation status I would have never been released from segregation at all on 7-6-22. The fact I was given a ticket with the words concluded and conclusion met that they come to an end of their investigation with me and I was given 14 days seg. So therefore this ticket that was written on 7-15-22 should not stand at all and is false. The 7-15-22 ticket states "I was wheeled to Investigation Unit for a Urinalysis test and I was positive for Drugs. Then they went to the cell I was housed in B94C and searched the cell and found a white 8x4 piece of paper with multiple strips discovered on Top of Starks property box. The paper was found amongst multiple items on mail with Starks name and ID#. The property box contained mail and property with Stark's name and TDOC number inside." If this was found on June 22nd 2022 why wasn't this in the incident report of 202200882/1-STA which on information and belief this is the June 28th ticket of 2022. What was found on June 22nd of 2022 should've been in place in my June 28th ticket if this was factual. OK to be exact I should have never been given a ticket on June 28th with the words concluded & conclusion if I was still under a investigation. I should have still been in segregation if C/O Rios ticket processed by Carnahan was factual. It was not. I was released out of seg. And the paper found was repeated several times it was found in my cellmate property at all times. I can't be responsible for someone else possession of something at all. Had it been on the floor out in the seg and none of us took responsibility then I can see us both being charged. But something found in our possession is more or less on our own person. The fact remains I was given 14 days for Drug & Drug Paraphernalia for testing positive which I was a guilty party. Mental health staff supervisor and mental health counselor whose case load I was on was aware of this at all times because they recommended 0-14 days for my guilty plea. After being served the ticket I was never taken to seg. Almost a week later I go to hear the ticket and Ms Frances E Milsap with Davida M Dixon are holding the adjustment committee hearing. Ms Davida M Dixon has just seen me for my ticket for the 28th of June for the 203 charge and I tell her this is the same infraction for what you signed off on for when I pled guilty to this charge and I just did 14 days. The ticket on the 15th of July was based off a positive drug test as well. Grievance officer Anna McBee confirmed that fact in her report to my grievance in her fact reviewed. She states "Grievance officer finds the disciplinary report 202200882 was issued as a result of a positive drug test. 202200952 was written as a result of the positive drug test. 202200952 for the charge of 203 in the comments section should of stated "positive for cannabanoids on the paper found in cell." This is merely a typographical error and has no bearing on the discipline imposed." Before I go further with Miss Anna McBee I was trying to explain to the adjustment committee Ms Dixon and Milsap I was charged with the same thing twice. I pled guilty to this charge in front of you Miss Dixon. I can't pled guilty or not guilty of something that has been rectified. I did my time for 203 Drug & Drug Paraphernalia for a dirty drop. How can I be charged with a 203 dirty drop again on 7-15-2022 and I wasn't tested again by urinalysis test past the time frame of my June 22, 2022 positive drug test?

Revised 9/2007

Case: 1:24-cv-05058 Document: 1 Filed: 07/15/24 Page 8 of 9 PageID #:8

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

(Continue Statement of Claim)

Ms. Dixon tried to tell me I was still under investigation status. I asked her how is that and I'm in population talking to you and not hearing this ticket in seg. Frances Milsap being the chairman of the Justice committee tried to say the same thing aswell and then when I pointed out that the 7-15-22 ticket charge of 203 Drug & Paraphernalia was for a positive Drug test. This is Double Jeporty Miss Milsap. She got irrational then stated I'm making her nervous. I sat down and tried to explain that the ticket written by C/O J. Rios is in error and should be thrown out. Both Ms Milsap and Ms Dixon knew that the ticket was in error because I showed them the June 28th ticket that stated due to the investigation of my positive drug test they came to the conclusion and concluded I violated D.R. 203. I read the Definition of Both words conclusion and concluded (to come to an end or the closing of something). The words of the June 28th ticket incident # 202200882/1-STA, makes this ticket on 7-15-22 incident # 202200952/1-STA invalid and should have been thrown out Due to the error of wording on the 7-15-22 ticket with the factual facts of June 28th ticket. Seeing that Frances E Milsap was not being reasonable I felt she was trying to make me act out and bug up so I told her do what she has to do and I'll file my paper work. A few days later I was walked to seg and given 4 months for the 203 charge and on a disciplinary transfer out of statesville for the same charge twice. I wrote a grievance before leaving statesville and the Grievance officer Anna McBee confirmed that the ticket was written in error. Therefore the 7-15-22 ticket should've been thrown out on her level. The Administrative Review Board personal Adewale Kutoriji with the concurrence of Rob Jeffreys Deleted my charge and ticket from the 28th of June, Incident # 202200882/1-STA. The June 28th ticket should have Never been deleted at all Because it was valid and I admitted to my guilt. To Delete the first 203 charge is a cover up to issue a wrongful charge on me and I believe the ARB personnel Adewale Kutoriji knew this, thats why they deleted the first 203 charge that proven the investigation with me was over with in the June 28th ticket incident # 202200882/1-STA. Due to the wording in that ticket. To delete that ticket violates my Due process rights. The correct thing to have done was to delete the 7-15-22 ticket incident # 202200952/1-STA. The Director Rob Jeffreys concurred with a violation of my right with signing off on this error by staff. In C/O J. Rios ticket with the charge of 110 Impeding or Interfering with an investigation I was never asked how I obtained said drug laced paper. I never had any drug laced paper on my person or in my personal property. I answered all the questions to my best knowledge and ability. I spoke to the investigator Lt Jaburek and answered all his questions. The warden Charles Truitt signing off in agreeance to the adjustment committee final summary report violated my rights because he signed off on me be charged with the same charge of 203 twice. Mr Milsap the head IA C/O at statesville knew I dropped positive for Drug test on June 22nd 2022. Also aware I was given a ticket on June 28th 2022 that confirmed the results from the 22nd offence. He should have put a stop to the 7-15-22 Ticket. The Mental Health personel Both the supervisor and my own Mental health conselor should have never recommended (on 30) restrictive housing be it that I was just charged with this same offense and did my seg time of 14 days as recommended by them from my June 28th 2022 Ticket. Incident # 202200882/1-STA. Brett Cornahan was being untruthful with being a witness to a false information that violated my due process right along with C/O J. Rios.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Revised 9/2007

**V. Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

I want Monitary relief for my pain and suffering. I want each defendant to be held accountable in their officeal and indiviual compassity for their conduct and sued in their officeal and indiviual compassity. To be placed Back to a prison where I can start Barbar school AND a settlement of $250,000. Preliminary injuction, punitive damages, compensatory damages, Nominel demges that aply.

VI. The plaintiff demands that the case be tried by a jury. ☑ YES ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this July day of 11, 20 22

_Michael Mays_
(Signature of plaintiff or plaintiffs)

Michael Mays
(Print name)

M50516
(I.D. Number)
700 W. Lincoln St
P.O. Box 99
Pontiac IL 61764
(Address)